UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**JARON WHITNEY OWENS**                                                                                          **PLAINTIFF**

**v.**                                                             **CIVIL ACTION NO. 4:25-CV-P91-JHM**

**COMMONWEALTH'S OF KENTUCKY et al.**                                                       **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Jaron Whitney Owens, a pretrial detainee proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this action will be dismissed.

### I. STATEMENT OF CLAIMS

Plaintiff, who is housed at the Hopkins County Detention Center (HCDC), sues the Commonwealth of Kentucky; Kathy Senter, a Hopkins County Attorney; the Honorable Christopher B. Oglesby, Hopkins Circuit Court Judge; the Department of Public Advocacy (DPA); the HCDC; and Kenneth Root, an attorney at the DPA. His lawsuit pertains to a Hopkins Circuit Court criminal case against him, *Commonwealth v. Owens*, No. 24-CR-290. He alleges that his substantive due process right was violated by the procedures in the "criminal process." He states that he cannot be punished for statements that "government officials do not like" and that he requests "fundamental fairness" and to be physically present in court proceedings. He also claims that his attorney, Defendant Root, rendered ineffective assistance of counsel.

Plaintiff further alleges that he has been waiting on a Kentucky Correctional Psychiatric Center evaluation since June 2025. He also states that he asked the state court to exclude a

statement he made during plea agreement negotiations. He further states that HCDC released him and then "rebooked me on the same charges double jeopardy in same case." Plaintiff continues, "I been release and recuffed based off racial discrimination in a way that allowed [HCDC] remediation of preference on basis of mere color rather than actual injury. To discriminate against the stigma of questionable competence. Conversation of a competence attorney has to be produced also Judge[] for this pardon."

Plaintiff requests compensatory and punitive damages, release from illegal detention, and a "check because breach of trust account."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Commonwealth of Kentucky and DPA

A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, "the Eleventh Amendment 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments.'" *Sefa v. Kentucky*, 510 F. App'x 435, 437 (6th Cir. 2013) (quoting *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993)); *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-47 (1993). Thus, "because Kentucky has not waived its Eleventh Amendment immunity and Congress has not abrogated state sovereign immunity under section[] . . . 1983 . . .," Plaintiff's claims against the Commonwealth and the DPA cannot proceed. *Sefa v. Kentucky*, 510 F. App'x at 437 (citing *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (recognizing that § 1983 claims against a state agency are barred by the Eleventh Amendment)).

### B. Official-capacity claims

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). County attorney offices and the DPA are agencies of the state. *Lamb v. Wallace*, No. 16-6253, 2017 WL 3597004, at *2 (6th Cir. July 13, 2017) ("The Warren County Attorney's Office is an agency of the state.") (citing, *inter alia*, Ky. Rev. St. § 15.725); *Jacobi v. Holbert*, 553 S.W.3d 246, 254 (Ky. 2018) ("[T]he DPA is a state agency."). State-court judges are likewise state employees. *See, e.g.*, *Boone*

3

*v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) (holding that judges are state officials). Thus, Defendants Root, Senter, and Oglesby are state employees, and, thus, they are not considered "persons" subject to suit under § 1983 in their official capacities for monetary damages. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment also bars damages claims against state officials sued in their official capacity. *See Kentucky v. Graham*, 473 U.S. at 168 ("[Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity.")

Accordingly, Plaintiff's official-capacity claims for monetary damages against Defendants Senter, Root, and Oglesby will be dismissed for failure to state a claim and as seeking relief from Defendants who are immune.

### C. HCDC

Plaintiff alleges that HCDC released him and then "rebooked me on the same charges double jeopardy in same case" and that "I been release and recuffed based off racial discrimination in a way that allowed [HCDC] remediation of preference on basis of mere color rather than actual injury. To discriminate against the stigma of questionable competence."

First, these allegations do not form "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. Regardless, his claim of having been subjected to double jeopardy misses the mark. The Double Jeopardy Clause "serves as a restraint on the courts and prosecutors," *United States v. Mask*, 101 F. Supp. 2d 673, 678 (W.D. Tenn. 2000), not on jails. And "[t]he protection of the Double Jeopardy Clause does not apply until a defendant is put to trial before the trier of fact." *Id*. at 679 (footnote omitted). A review of the state court record shows that no trial had commenced in *Commonwealth v. Owens*, No. 24-CR-290, at the time Plaintiff filed his complaint in this case.

Second, the HCDC is not an entity subject to suit under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Rather, the claim against it is actually against Hopkins County as the real party in interest. *Id*. ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.").

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not the allege the existence of a Hopkins County custom or policy, and none is apparent from a review of the complaint. Accordingly, the Court will dismiss the claim against the HCDC for failure to state a claim.

## D. Individual-capacity claims

### *1. Prosecutor Senter*

"Prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). "Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously." *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that the prosecutor was absolutely immune from suit for allegedly conspiring to present false charges to the grand jury). Nothing in the complaint suggests that any alleged action by Defendant Senter was taken other than in initiating and presenting the Commonwealth's case. Thus, Plaintiff's individual-capacity claim against Defendant Senter will be dismissed because she is immune.

### *2. Judge Oglesby*

Judges are entitled to absolute immunity from suits for money damages for all actions taken in their judicial capacity, unless those actions are taken in the absence of any jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity from suit can be overcome in two situations. A judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Although Plaintiff's complaint is not a model of clarity, there are no allegations that Judge Oglesby acted other than in his judicial capacity, nor any that he acted outside his jurisdiction. The Court will, therefore, dismiss the individual-capacity claim against Judge Oglesby for seeking relief against a defendant who is immune from such relief.

### *3. Defense Attorney Root*

Plaintiff alleges that Defendant Root, his DPA attorney, has rendered ineffective assistance. To prove a civil rights claim under § 1983, Plaintiff must establish that (1) he was deprived of a right secured by the Constitution or laws of the United States and that (2) he was subjected to or caused to be subjected to this deprivation by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). "It is firmly established that a public defender or a court-appointed defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983." *White v. Robertson-Deming*, 9 F. App'x 418, 419–20 (6th Cir. 2001) (citing *Polk Cnty. v. Dodson*, 454 U.S. at 321). As such, Plaintiff fails to state a claim because Defendant Root is not a person acting under color of state law. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991) ("Absent either element, a section 1983 claim will not lie.").

Additionally, "[i]neffective assistance of counsel is not a cognizable claim under § 1983, . . . [and] must be brought in a habeas petition under 28 U.S.C. § 2254, and not in an action under § 1983." *Moody v. Benton Cnty. Det. Ctr.*, No. 1:25-CV-01038-SHM-TMP, 2025 WL 2470097, at *5 (W.D. Tenn. Aug. 27, 2025) (citing, *inter alia*, *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)).

### E. Release from detention

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500. Thus, Plaintiff's claim for the injunctive relief of being released will be dismissed for failure to state a claim upon which relief may be granted.

7

### F. Request for "check because breach of trust account"

Plaintiff offers no allegations in support of this request for relief. *See Abner v. Focus: Hope*, 93 F. App'x 792, 793 (6th Cir. 2004) (stating that the court is not "required to accept non-specific factual allegations and inferences or unwarranted legal conclusions"). His conclusion that he should be given a "check" is not supported by any factual allegations, much less ones that would "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Because Plaintiff has failed to include "enough facts to state a claim to relief that is plausible on its face," he fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570.

Additionally, in order to assert a claim for deprivation of property without due process pursuant to § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Similarly, the Sixth Circuit has stated, "in section 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Consequently, the Court will dismiss this claim for failure to state a claim.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: December 30, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009

8